ELLWYN A. CARD, APPELLANT, V. MINNEAPOLIS FIRE & MARINE INSURANCE COMPANY, APPELLEE.

298 N. W. 157

FILED MAY 16, 1941   No. 31158

*Lee Card,* for appellant.

*E. D. Crites* and *F. A. Crites, contra.*

Heard before PAINE, CARTER and MESSMORE, JJ., and SPEAR and FALLOON, District Judges.

SPEAR, District Judge.

Suit on an automobile "collision" policy. Donald Fleming owned an automobile upon which Fred A. Hood, agent for defendant insurance company, had written a policy. The policy contains provisions that any waiver must be in writing; that, unless permission be given in writing, change in ownership voids the policy; and that, unless otherwise agreed to in writing, the company shall not be liable for loss while the insured property is subject to a mortgage. On January 7, 1939, Fleming sold or agreed to sell the car to the plaintiff Card. Fleming notified Hood of the transaction and Hood told him he would be entitled to a return premium. Fleming told Hood he did not want the return premium, but wanted the insurance to remain in force for

his protection. He did not specifically ask Hood to transfer the policy to Card, although Hood knew that Card was purchasing the car. At a later date Hood delivered the policy to Fleming, without any transfer to Card and without a "loss payable" clause to Fleming. Soon thereafter a loss occurred on the automobile and the company paid $20 to Fleming to settle the loss. Apparently Fleming was at that time in possession of the car and had not transferred it to Card. On February 18, 1939, Fleming gave a bill of sale to plaintiff and plaintiff gave Fleming a chattel mortgage on the car. An accident occurred March 12, 1939. Card then procured the policy from Fleming and brought this action on the policy.

Plaintiff admits that no formal transfer was made in accordance with the terms of the policy, but contends that the circumstances constitute a waiver by defendant.

We do not think it necessary to reexamine the authorities on waiver. It is sufficient to note that Fleming is not a party to this action; that no policy was ever delivered to Card; that Card did not testify that he relied upon any waiver, nor, except by inference, that he in fact knew anything of the deal between Hood and Fleming; and that no agreement of any kind was made between defendant and Card. Under these facts plaintiff manifestly cannot maintain a suit upon the policy. The judgment of the district court in sustaining a motion to dismiss at the close of plaintiff's evidence is

AFFIRMED.